**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

KEITH WERNER

      Plaintiff,

               vs.                  **No.**

Kolo, LLC; Kolo Retail, LLC;
Peter Dunn; Paul Paci;, Isamu Suzuki;
and Akira Ito;

                                        JUNE 17, 2015

      Defendants.

**COMPLAINT**

1.     Plaintiff, Keith Werner, was employed by Kolo, LLC ("Kolo") and/or Kolo Retail, LLC ("Retail"), for approximately sixteen years. Plaintiff continued to provide services for Defendants Kolo and Retail, working in excess of 40 hours per week, up until his termination on April 27, 2015. Plaintiff did not receive his normal salary or other compensation from January 1, 2015 to April 27, 2015.  As a result, he was not paid the lawful minimum wage.  Plaintiff brings this action in order to recover monies owed to him for unpaid wages.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction pursuant to 28 U.S.C. § §1331 and 1332 and 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper pursuant to 28 U.S.C. §1391(b), as Plaintiff resides in and worked in the State of Connecticut,  the Defendants all do business in this district, and the events

giving rise to this action occurred within this district; and pursuant to 28 U.S.C. §1391(c) as

Defendants Kolo and Retail are subject to personal jurisdiction in the State of Connecticut.

## PARTIES

4.     Plaintiff, Keith Werner, is a resident of West Hartford, Connecticut and was

employed by Defendants Kolo and/or Retail for approximately 16 years, until his termination on

April 27, 2015.

5.     Kolo, LLC is a Delaware Limited Liability Company with a principle place of

business located at 241 Asylum Street, 6th Floor, Hartford, CT 06103.

6.     Kolo Retail, LLC ("Retail") is a Connecticut Limited Liability Company with a

principal place of business located at 241 Asylum Street, 6th Floor, Hartford, CT 06103.

7.     Retail has two members; Kolo, LLC and Synergy Partners III, LLC.

8.     Defendant Peter Dunn, a resident of Orleans, Massachusetts, is a member and

CEO of Kolo, LLC. Mr. Dunn is an individual separate and distinct from the Defendants Kolo

and Retail.

9.     Defendant Paul Paci, a resident of Boxford, Massachusetts, is a member and

Director of Kolo, LLC.  Mr. Paci is an individual separate and distinct from the Defendants Kolo

and Retail.

10.     Defendant Isamu Suzuki, a Japanese citizen, is a member of Synergy Partners III,

LLC.

11.     Defendant Akira Ito, a Japanese citizen, is a member of Synergy Partners III,

LLC.

## STATEMENT OF FACTS

12.     The Plaintiff, Keith Werner, was employed by Defendants Kolo and/or Retail for approximately 16 years.

13.     Mr. Werner typically worked well in excess of 40 hours each week. He worked out of Defendant's primary location in Hartford, Connecticut when not traveling.

14.     Mr. Werner's most recent salary was $1,923.08 per week.  This was a reduced amount, reflecting the fact that Plaintiff had agreed to accept reduced compensation in an attempt to benefit Defendants by improving cash flow.

15.     Mr. Werner was paid by Kolo and/or Retail at various times. Although on occasion over the years Defendants paid him late, he eventually received the amount he should have received under their arrangement prior to 2014 and 2015.

16.     Kolo and Retail operated as a joint enterprise and were, individually and collectively, employers under the FLSA and Connecticut wage and hour statutes.

17.     Beginning on or before January of 2015, Plaintiff did not receive his salary as due.

18.     The individual Defendants, Peter Dunn, Paul Paci, Isamu Suzuki, and Akira Ito, individually or collectively, were responsible for the non-payment of Plaintiff's salary.

19.     As a result, Defendants did not pay Mr. Werner the statutorily mandated minimum wage.

20.     On April 27, 2015, Defendants terminated Plaintiff.

21.     At the time, Plaintiff was owed wages totaling $44,230.84; plus car allowance, reimbursement for health insurance premiums, and 401K contributions.

22.     Mr. Werner requested payment, individually and through counsel, to no avail.

23.     Defendants never responded to Mr. Werner's demands, and never paid Mr. Werner the amounts owed to him.

24.     Defendants failed to display a notice with information about minimum wage and overtime pay, as required by 29 C.F.R. §516.4 and Conn. Gen. Stat. §31-66.


## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT ("FLSA")


25.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

26.     At all times relevant to this case, each Defendant was an "employer" within the meaning of 29 U.S.C. §203(d).

27.     Defendants willfully failed to pay Mr. Werner for the hours that he worked in violation of 29 U.S.C. § 207(a)(1).

28.     Defendants' violations of the FLSA were in disregard of prevailing law.

29.     Defendants employed fraudulent bookkeeping and pay arrangements in order to conceal those violations.

30.     As a result of these violations, Mr. Werner suffered damages.

31.     Defendants are jointly and severally liable to Mr. Werner for these violations of his rights under federal law.

32.     Mr. Werner is entitled to an award of damages for unpaid wages, plus liquidated damages in an equal amount, interest, and attorney's fees, in an amount to be determined at trial, pursuant to U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**CONNECTICUT WAGE AND HOUR LAWS**

33. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

34. Plaintiff brings this claim under Conn. Gen. Stat. §§ 31-58 *et seq.* of the Connecticut Wage and Hour statutes against all Defendants, including§§ 3-68 and 31-72.

35. At all relevant times, each Defendant was an "employer" within the meaning of Conn. Gen. Stat. §§31-58(e) and 31-71a(1). At all relevant times, each Defendant employed Mr. Werner within the meaning of Conn. Gen. Stat. §31-58(h). At all relevant times, Mr. Werner was an employee of Defendants within the meaning of §§31-58(f) and 31-71a(2).

36. Defendants knowingly, and in bad faith,

    a. Failed to pay minimum wages due to Mr. Werner, in violation of Conn. Gen. Stat. §31-58j.

    b. Failed to pay wages due to Mr. Werner for hours worked in violation of Conn. Gen. Stat. §§31-71b and 31-71c;

37. As a result, Mr. Werner suffered damages.

38. Defendants are jointly and severally liable to Mr. Werner for these violations of his rights under state law.

39. Mr. Werner is entitled to an award of damages for unpaid wages and unpaid overtime, plus punitive damages in an equal amount and attorneys' fees, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT

40.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

41.     Defendants entered into an implied contract with Mr. Werner to provide reasonable compensation for the value of services rendered, and each party's acceptance was supported by good and valuable consideration.

42.     Mr. Werner fulfilled his contractual obligation by laboring for the benefit of Defendants.

43.     Defendants breached the implied contract with Mr. Werner by failing to pay reasonable compensation for work performed by Mr. Werner.

44.     Defendants' contract with Mr. Werner implied payment of minimum wages, in accordance with federal and state law, and payment of the salary agreed upon by the parties.

45.     Because of Defendants' breach of contract, Mr. Werner suffered from a loss of expected wages.

46.     Mr. Werner is entitled to damages for Defendants' breach of contract.

47.     Mr. Werner is entitled to monetary damages equal to the reasonable value of services rendered.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS ORAL CONTRACT

48.     Plaintiff repeats and re-alleges the allegations contained in contained in the preceding paragraphs of this complaint as if fully set forth herein.

49.     Defendants entered into an oral contract with Mr. Werner to pay him a weekly salary of $1,923.08 and each party's acceptance was supported by good and valuable consideration.

50.     Mr. Werner fulfilled his contractual obligations by laboring for the benefit of Defendants.

51.     Defendants breached the oral contract with Mr. Werner by failing to pay for work performed by Mr. Werner.

52.     Because of Defendants' breach of contract, Mr. Werner suffered from a loss of expected wages.

53.     Mr. Werner is entitled to monetary damages for Defendants' breaches of contract.

## FIFTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT & QUANTUM MERUIT

54.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

55.     Mr. Werner provided valuable labor and other benefits to Defendants.

56.     Mr. Werner reasonably expected to be compensated for the labor he provided to Defendants.

57.     Defendants' unjust failure to pay Mr. Werner wages for all labor performed constituted a distinct detriment to Mr. Werner.

58.     Accordingly, Mr. Werner is entitled to money damages equal to the reasonable value of labor provided to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a.      Award Plaintiff monetary damages for unpaid wages, plus liquidated damages in an equal amount, plus interest, as provided by the FLSA, 29 U.S.C. §216(b), in an amount to be determined at trial;

b.      Award Plaintiff monetary damages for unpaid wages, plus punitive damages in an equal amount and interest, as provided by Conn. Gen. Stat. §31-68(a), in an amount to be determined at trial;

c.      Award Plaintiff monetary damages for unpaid wages upon termination of employment, plus liquidated damages in an equal amount and interest, as provided by Conn. Gen. Stat. §31-72, in an amount to be determined at trial;

d.      Award Plaintiff compensatory damages and interest for Defendants' violations of Connecticut common law (including breach of implied contract and breach of express oral contract, and in the alternative, unjust enrichment/quantum meruit), in an amount to be determined at trial.

e.      Award attorneys' fees and costs to Plaintiff for legal services provided by his attorneys pursuant to 29 U.S.C. §216(b) and Conn. Gen. Stat. §§31-68(a) and 31-72, in an amount to be determined; and

f.       Grant such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims.

THE PLAINTIFF,
KEITH WERNER


By___/s/  Francis D. Burke- CT18688
        Francis D. Burke – CT18688
        Mangines & Burke, LLC
        41 North Main Street, Ste 204
        West Hartford, CT 06107
        Tel:  860-233-1000
        Fax:  860-233-9235
        fburke@aol.com